IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEANNETTE WEATHERSBY, as the
Administratrix of the Estate of JESSICA
S. WEATHERSBY, DECEASED,                                          PLAINTIFF,

VS.                                              CIVIL ACTION NO. 4:04CV298-P-B

GENERAL MOTORS CORPORATION, ET AL.,                               DEFENDANTS.

## MEMORANDUM OPINION

These matters come before the court upon Plaintiff's Motions to Remand [9-1 and 20-1], Plaintiff's Motion to Amend Complaint [23-1], and Defendant Blackwell Chevrolet Co.'s Motion to Dismiss [30-1]. Upon due consideration of the motions and the responses filed thereto, the court finds is prepared to rule.

### I. FACTUAL BACKGROUND

On January 30, 2004, Jessica Weathersby was the front-seat passenger in a 1992 Chevrolet Lumina driven by Parkisha C. Davis on Highway 149 Northbound in Humphreys County, Mississippi when the vehicle ran off the road causing fatal injuries to Jessica Weathersby. Jeannette Weathersby, Jessica Weathersby's mother and the administratrix of her estate, believes that the seatbelt was inoperable at the time of the accident.

The Jeannette Weathersby, a Mississippi resident, filed the instant action in the Circuit Court of Humphreys County, Mississippi on August 31, 2004 alleging defective products liability, negligence, negligent misrepresentation, gross negligence, and breach of implied warranties against General Motors Company (the manufacturer of the subject vehicle), Blackwell Chevrolet Co.(the seller of the subject vehicle), John Doe Corporations 1-5, and John Does 1-10. General Motors is

a Delaware corporation. Blackwell Chevrolet is a resident of Mississippi.

On October 1, 2004, General Motors removed this case to federal court asserting federal diversity jurisdiction. General Motors argues that the amount in controversy exceeds $75,000.00 and the plaintiff improperly joined Blackwell Chevrolet in order to defeat diversity jurisdiction because the plaintiff has no reasonable possibility of recovery against Blackwell Chevrolet.

On November 2, 2004, the plaintiff filed a motion to remand. On January 6, 2005, the plaintiff filed a motion to amend her complaint to add an additional party – namely the driver of the subject vehicle, Parkisha C. Davis – while the motion to remand was pending. On February 28, 2005, the U.S. Magistrate Judge denied the plaintiff's motion to amend the complaint, while granting her leave to renew the motion to amend to the undersigned since the issue is so closely related to that of remand. On March 11, 2005, the plaintiff filed a supplement to her motion to remand. On March 31, 2005, the plaintiff renewed her motion to amend the complaint.

## II. DISCUSSION

### A. Plaintiff's November 2, 2004 Motion to Remand

With regard to the plaintiff's original motion to remand based on her argument that Blackwell Chevrolet Co. was not improperly joined, the court concludes that said motion should be denied. "There must at least be arguably a reasonable basis for predicting that state law would allow recovery [against the in-state defendant] in order to preclude a finding of fraudulent joinder" and to remand a case to state court. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). The possibility "[m]ust be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

The plaintiff asserts that her claims against Blackwell Chevrolet Co. are based not only on

the mere fact that Blackwell sold the subject vehicle, but also on the allegation that Blackwell may have serviced the vehicle and somehow had knowledge of the alleged seatbelt defect or in fact worked on the seatbelt.

1. Blackwell Chevrolet as "innocent seller"

The plaintiff's argument that Blackwell can be liable as an "innocent seller" involves Mississippi Code Annotated § 11-1-64 (effective from January 1, 2003 to September 1, 2004). The plaintiff filed the instant case in state court on August 31, 2003. Thus, § 11-1-64 as a whole as it existed during from January 1, 2003 to September 1, 2004 is applicable to this case notwithstanding the Legislature's repeal of said statute effective September 1, 2004. The relevant provision of the applicable § 11-1-64 provides in pertinent part that:

> (1) A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

Subsections (2), (3), (4) and (5) set out the parameters as to how a so-called "innocent seller" can effectuate the goal of dismissal under § 11-1-64.

An argument that § 11-1-64(6) vitiates the defendants' removal theory is without merit. This subsection provides:

> (6) No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Miss. Code Ann. § 11-1-64(6) (effective January 1, 2003 to September 1, 2004).

Completely diverse defendants have the statutory right to remove such an action to federal court on diversity grounds pursuant to 28 U.S.C. §§ 1441, 1446, and 1447. Mississippi Code

Annotated § 11-1-64(6) fails to take this into account. Such is in direct conflict not only with the removal statutes but also with Article VI, section 1, clause 2 of the U.S. Constitution which provides that "the Laws of the United States ... shall be the supreme Law of the Land ... and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Hence, no state law can act to deprive the instant defendant from removing this case to federal court.

2. Blackwell Chevrolet's alleged service of subject vehicle

Although the Complaint does not specifically allege that Blackwell serviced the vehicle or the subject seat belt, the plaintiff states in her motion to remand that she "has a good faith belief that Defendant Blackwell not only sold but also serviced and repaired" the subject vehicle.

In their response to the plaintiff's November 2, 2004 motion to remand, the defendants attached the affidavit of Ed Spencer, dated November 18, 2004. Spencer is "the General Manager for Blackwell Chevrolet Company ("Blackwell") which is no longer an operating entity. I am the only current employee of Blackwell. My job responsibilities include serving as the custodian of Blackwell's records." Affidavit of Ed Spencer, ¶ 2. In this affidavit, Spencer averred that his "review of the records ... revealed no repair or service records for the subject vehicle. That is, there is no evidence in the possession of Blackwell which indicates that Blackwell ever performed any repair or service work on the subject vehicle." Affidavit of Ed Spencer, ¶ 4.

Discovery has not been conducted in this case pending the court's decision on the motion to remand. However, the plaintiff has not pointed to any evidence whatsoever that supports her mere belief that Blackwell serviced the subject vehicle or evidence that rebuts Spencer's affidavit in which he states that there is no record that Blackwell Chevrolet ever serviced the subject vehicle or its

seatbelt. Even if discovery were allowed on this issue, "[c]omplaints should not be flied in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action." *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493, 494 (Miss. 2004).

The court concludes that Blackwell Chevrolet Co. was improperly joined. Therefore, Blackwell's motion to dismiss should be granted.

**B. Plaintiff's Motion to Amend Complaint and Supplemental Motion to Remand**

The plaintiff seeks to amend the complaint to add the driver of the vehicle, Parkisha C. Davis, as a defendant. The defendants argue that this should be disallowed because the only reason the plaintiff wishes to add the driver is to bolster her attempt to avoid federal jurisdiction.

Fed. R. Civ. P. 15 provides that motions to amend the complaint "shall be freely given when justice so requires." The court concludes that justice does not so require in the instant case. In ruling upon a motion to amend a complaint by adding an additional party that will destroy diversity jurisdiction, the court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Having considered the parties' arguments, the court concludes that the aforementioned factors weigh against amendment. First, it is readily apparent that the purpose of the amendment is to defeat federal jurisdiction. The plaintiff knew from the date of the accident that Parkisha C. Davis was the driver of the vehicle involved in the one-vehicle accident, yet the plaintiff chose not to add the driver as a defendant when she filed her complaint. The plaintiff did not file her motion to amend

5

the complaint until January 6, 2005, some two months after she filed her motion to remand on November 2, 2004, a month and a half after the defendants filed their response, three months after the defendants filed their notice of removal, and four months after the plaintiff filed her Complaint on August 31, 2004. These facts support a finding that the purpose of the amendment is to defeat federal jurisdiction. These facts also support the conclusion that with regard to the second *Hensgens* factor, the plaintiff was dilatory in seeking amendment. Regarding the third factor, the court concludes that the plaintiff will not be significantly injured if amendment is not allowed since her statute of limitations period to sue the driver does not run until January 2007. The plaintiff has not pointed to any factors bearing on the equities weighing in favor of amendment.

Accordingly, the court concludes that the plaintiff's motion to amend her complaint to add the Mississippi-resident driver of the subject vehicle should be denied. As such, since the court has already concluded that Blackwell Chevrolet Co. should be dismissed as improperly joined, the court concludes that the plaintiff's motion and supplemental motion to remand should be denied.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff's Motions to Remand [9-1 and 20-1], Plaintiff's Motion to Amend Complaint [23-1] should be denied and Defendant Blackwell Chevrolet Co.'s Motion to Dismiss [30-1] should be granted,

**THIS DAY** of May 24, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE