IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEANNETTE WEATHERSBY, as the
Administratrix of the Estate of JESSICA
S. WEATHERSBY, DECEASED,                                    PLAINTIFF,

VS.                                         CIVIL ACTION NO. 4:04CV298-P-B

GENERAL MOTORS CORPORATION, ET AL.,                         DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) [43-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (emphasis added). The purpose of Rule 41(a) is to allow a plaintiff to voluntarily dismiss when no other party will be prejudiced. *Le Compte v. Mr. Chip, Inc.*, 317 F.2d 295 (5th Cir. 1963). The grant or denial of a dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *Robles v. Atlantic Sanding Co.*, 77 Fed. Appx. 274 (5th Cir. 2003).

The plaintiff originally filed this action in the Circuit Court of Humphreys County, Mississippi on August 31, 2004. On October 1, 2004 General Motors removed to federal court

1

asserting that the plaintiff had fraudulently joined a local car dealer because the plaintiff had no reasonable possibility of recovery against the car dealer. After the plaintiff filed her motion to remand, she filed a motion to amend the complaint in order to add the driver of the vehicle which crashed and killed the plaintiff's daughter. In its May 24, 2006 Memorandum Opinion denying remand and denying amendment, this court wrote:

> [I]t is readily apparent that the purpose of the amendment is to defeat federal jurisdiction. The plaintiff knew from the date of the accident that Parkisha C. Davis was the driver of the vehicle involved in the one-vehicle accident, yet the plaintiff chose not to add the driver as a defendant when she filed her complaint. The plaintiff did not file her motion to amend the complaint until January 6, 2005, some two months after she filed her motion to remand on November 2, 2004, a month and a half after the defendants filed their response, three months after the defendants filed their notice of removal, and four months after the plaintiff filed her Complaint on August 31, 2004.

Memorandum Opinion, p. 5-6.

On August 8, 2007, over three months after receiving adverse rulings, the plaintiff filed the instant motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) so that she may refile the case in state court adding Parkisha Davis as a defendant. This motion was filed almost two years after the plaintiff originally filed her suit.

Having considered the briefs and the cases cited therein, this court concludes the blatant forum shopping in the circumstances of this case constitutes "plain legal prejudice" to the defendant, General Motors Corporation, which justifies the denial of a Rule 41(a)(2) motion to dismiss. *See Unida v. Levi Strauss & Co.*, 986 F.2d 970, 974 (5th Cir. 1993)*; Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *Dixon v. First Family Financial Services*, 276 B.R. 173, 178-9 (S.D. Miss. 2002), *abrogated on different grounds in Reed v. Mississippi Farm Bureau Mut. Ins. Co.*, 299 B.R. 804 (S.D.Miss. 2003). The plain legal prejudice

is simply that General Motors, a foreign corporation, would be denied their right to federal diversity jurisdiction when the plaintiff has never showed any interest in pursuing the in-state driver of the subject vehicle, Parkisha Davis, until the plaintiff received adverse rulings by this court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) [43-1] is **DENIED**.

**SO ORDERED** this the 5th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE