**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

JEANNETTE WEATHERSBY, as the
Administratrix of the Estate of JESSICA
S. WEATHERSBY, DECEASED,                                                  PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 4:04CV298-P-B

GENERAL MOTORS CORPORATION, ET AL.,                 DEFENDANTS.

**ORDER**

This matter comes before the court upon Plaintiff's Motion for Certification of Legal Issues for Interlocutory Appeal [63-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Pursuant to 28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. ...

Thus, the plaintiff must establish that this court's October 5, 2006 Order denying the plaintiff's motion for voluntary dismissal without prejudice and its October 17, 2006 Order denying the plaintiff's motion for reconsideration (1) involve a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

A controlling question of law is indeed implicated in the subject orders – *i.e.*, the law regarding whether or not the plaintiff should be allowed to voluntarily dismiss her action without

1

prejudice pursuant to Fed. R. Civ. P. 41(a)(2). An immediate appeal from the order may materially advance the ultimate termination of the litigation since the result of such an appeal would determine whether or not the instant case should proceed to trial in this court.

The court also concludes that there is a substantial ground for a difference of opinion regarding the primary issue at hand: Whether it is within the sound discretion of the district court to deny a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) when the motion is filed two years after the case is originally filed, and after the plaintiff has received adverse rulings on her motion to remand and motion to amend the complaint to add a party that would destroy diversity jurisdiction.

The rule regarding voluntary dismissals without prejudice is that "[i]f a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied," *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 361 (5th Cir. 1990). The plaintiff readily admits that she wishes to dismiss this suit without prejudice in order to sue the "proper parties" in state court. That is, she wishes to add Parkisha Davis, the Mississippi-resident driver of the subject vehicle, as a defendant, thereby preventing federal diversity jurisdiction some two years after the original case was filed. It was not until the case was removed from state court that the plaintiff moved to add the new resident defendant.

The question is whether the phrase "mere prospect of a second lawsuit" means that a defendant does not suffer sufficient "cognizable prejudice" when the prospect of the second lawsuit is not "merely" a new lawsuit but also one in which the defendant would be deprived of diversity

jurisdiction in federal court some two years after the original case was filed. In other words, there is a substantial ground for a difference of opinion as to whether a defendant suffers sufficient cognizable prejudice to foil a plaintiff's motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) when the defendant is faced with not only the certainty (not merely a prospect) of a second suit, but one that will admittedly include a resident defendant that will destroy the federal diversity jurisdiction the diverse defendant once enjoyed when it removed the original case and had the plaintiff's claims against an improperly joined resident defendant dismissed with prejudice.

As it has indicated in its prior orders and opinions in this case, the court is of the opinion that the plaintiff's legal maneuvering in this case, including her motion for voluntary dismissal without prejudice filed two years after the Complaint, constitutes impermissible forum shopping.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Certification of Legal Issues for Interlocutory Appeal [63-1] is **GRANTED**.

**SO ORDERED** this the 15th day of May, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE